F. W. WOOLWORTH Co. *vs.* SUNLIGHT CHEMICAL CORPORATION.

NOVEMBER 7, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This case is before us on plaintiff's exception to a ruling of the superior court sustaining defendant's demurrer to the declaration. The action is designated in the writ and declaration as an action on the case.

The declaration is in one count. In substance, the allegations are as follows. The plaintiff is a retail dealer in merchandise, with a store in Saratoga Springs, New York. The defendant, a Rhode Island corporation, is a manufacturer, bottler and distributor of "household ammonia, which is a dangerous liquid and a poison if taken internally", with a place of business in East Providence, in this state. On Sep-

tember 23, 1936, the defendant sold and delivered to the plaintiff certain bottles of said ammonia "negligently packed by the defendant, its agents and servants in this, that it was packaged in whisky bottles with a surface so corrugated that labels might become detached."

The plaintiff further alleges that, in the ordinary course of business and in the exercise of due care, it sold one of these bottles of ammonia on February 8, 1937, to one Anna Mae McEniry, in its store at Saratoga Springs; and that thereafter, on February 20, 1937, one Anna M. McEniry, the mother of Anna Mae McEniry, brought suit against it in the state of New York; and that on February 14, 1937, Anna M. McEniry, the mother, "drank a quantity of said household ammonia from said bottle sold by this plaintiff to her said daughter, believing it to be whisky and that she received personal injuries, and that she was caused to drink the same out of said bottle because of the appearance of said bottle as a whisky bottle and because of the absence of a label making known the contents of the bottle and that the same was a poison, and claiming damages of Twenty-Five Thousand (25,000) Dollars."

The plaintiff here further alleges that the label on the bottle of ammonia became detached by "reason of the alleged negligence of the defendant in packaging the ammonia in whisky bottles" and that said Anna M. McEniry was induced to believe and did believe that said bottle contained whisky; that upon the commencement of the suit by Anna M. McEniry against this plaintiff, the latter duly and seasonably notified this defendant to take upon itself the defense of that action, which it neglected and refused to do; and that, in defending that suit, this plaintiff was obliged to pay to Anna M. McEniry the sum of $1500 in settlement of said suit, which was a reasonable sum in the circumstances. "Wherefore, by reason of the premises, the defendant be-

came liable to reimburse the plaintiff for the payment of said sum."

The defendant demurred to this declaration. The substantial grounds of demurrer may be summarized and grouped as follows: (1) That the declaration is vague, uncertain and indefinite in that it fails to show with reasonable certainty whether the plaintiff rests its cause of action in contract or in tort; (2) that the declaration fails to state a cause of action either in contract or in tort; (3) that the declaration fails to show that Anna M. McEniry ever had a cause of action against the plaintiff or the defendant; and (4) that, from the allegations in the declaration, the injury to Mrs. McEniry appears to have resulted from her own contributory negligence or from the negligence of her daughter.

Under our practice, the plaintiff in an action at law must allege sufficient facts in his declaration to support his cause of action; and he can recover only on the case thus set forth if, on trial, the necessary allegations of the declaration are established by competent proof. A defendant is entitled to know the case which he is called upon to meet, so that he may prepare his defense and meet the facts alleged with appropriate evidence.

We appreciate that situations may arise where the facts and circumstances are so involved that the pleader is in doubt whether the cause of action is in contract for breach of an implied warranty, or whether it is in tort for negligence. But, however difficult the determination of such a question may be, the duty rests with the plaintiff to make his choice of the cause of action upon which he intends to rely for recovery. The defendant is not required to construe the plaintiff's cause of action at his peril, nor should he be put at a distinct disadvantage in preparing and presenting his defense because of the plaintiff's vagueness and uncertainty in the statement of his case.

In the instant case, we agree with the defendant that from the allegations in the declaration it is not clear whether the plaintiff's alleged cause of action is in contract or in tort. The facts, as alleged in this declaration, fail to inform the defendant with reasonable certainty whether the plaintiff means to rely upon an alleged breach of warranty or on negligence. The defendant's demurrer was properly sustained on this ground.

If we were to assume, from certain technical language and allegations in the only count of the declaration, that the plaintiff in drafting it had in mind the case of *Pawtucket* v. *Bray,* 20 R. I. 17, and that the present action for reimbursement was based upon the defendant's negligence, the declaration is demurrable in that it fails to state sufficient facts showing that the defendant is ultimately liable to this plaintiff.

An inspection of the declaration discloses at least the following deficiencies. We find no allegations that identify, either by name or description, the cause of action upon which Mrs. McEniry relied in her action against the plaintiff and which the latter chose to settle without trial. Furthermore, if Mrs. McEniry's suit was for negligence, there is no allegation, unless found by construction as a remote inference, that at the time of injury Mrs. McEniry was in the exercise of due care.

For the reasons stated, we are of the opinion that there was no error in the ruling of the superior court sustaining the defendant's demurrer to the plaintiff's declaration.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Henry M. Boss,* for plaintiff.

*Benjamin F. Lindemuth, John W. Baker, Ernst T. Voigt,* for defendant.